288 So.2d 633 (1974)
STATE of Louisiana
v.
William A. HARGISS.
No. 53828.
Supreme Court of Louisiana.
January 14, 1974.
*634 William D. Brown, Brown & Wicker, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., George Griffing, Asst. Dist. Atty., for plaintiff-respondent.
SANDERS, Chief Justice.
This prosecution for the possession of marijuana, a misdemeanor in violation of LSA-R.S. 40:966, subd. C, is before us under our supervisory jurisdiction. The sole issue is the constitutionality of the alleged search of defendant's automobile, following his incarceration for a traffic violation.
On January 26, 1973, William A. Hargiss, the defendant, was driving from Baton Rouge to Monroe, Louisiana. While passing through the Town of Sicily Island, the Town Marshal, Herman Cader, stopped him for failing to heed a yield sign. The officer informed the defendant that he would have to post a $25.00 cash bond or be taken to jail. An argument ensued, during which the officer alleged that Hargiss became hostile and uncooperative. Defendant walked to a nearby service station to use the telephone, in an effort to make arrangements for the bond. During his absence, the officer contacted Deputy Sheriff William McCarty by Police radio to assist him.
From this point, the testimony is conflicting. Upon the arrival of Deputy McCarty, the officers placed the defendant in the marshal's patrol car. The defendant testified that he asked them to allow him to lock his car and leave it where it was. Instead, Deputy McCarty drove defendant's car to the local police station, where it was parked and locked. Marshal Cader retained the keys. Having observed some beer cans on the floor of the car, the officers drove the defendant to Jonesville in order to give him a sobriety test. The test proved negative for intoxication. Nonetheless, the officers took the defendant to the parish jail at Harrisonburg and booked him for reckless driving and resisting arrest.
While the defendant was detained in Harrisonburg awaiting bail, the two officers left to return to Sicily Island. The main theme of their testimony was that they intended to get defendant's car and bring it to Harrisonburg for his convenience. Defendant testified, however, that he overheard a police radio conversation in which the officers stated they planned to search his car. One of the officers admitted on cross-examination that at this point they intended to search the car. (Tr. 53).
When the officers returned to the car, they testified that they unlocked the car, entered it, and found a cellophane bag of marijuana in an open tape recorder case on the front floor of the car and a pipe between the seats. The officers' testimony as to the details of these findings is contradictory. Both officers stated, however, that the objects seized were in plain view. The officers then secured a search warrant, but the warranted search of the vehicle failed to disclose any further evidence.
After being formally charged with the possession of marijuana, the defendant moved to suppress the evidence, alleging that it was the product of an unconstitutional search and seizure. After an evidentiary hearing, the trial judge overruled the motion to suppress on the ground that the marijuana and pipe were not products of a search but were lawfully taken when the officers observed them in plain view.[1]
*635 After defendant's conviction and sentence, we granted writs to review the substantial issue of the constitutionality of the alleged search and seizure. See La., 282 So.2d 138.
The Fourth Amendment of the United States Constitution, as well as Article I, Section 7 of the Louisiana Constitution (1921), prohibits unreasonable searches and seizures by law enforcement officers. The right protected is that of privacy, described as "one of the unique values of our civilization." McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). As a general rule, a search warrant is required for the search of private property. There are, of course, exceptions to the warrant requirement, including a search incident to a lawful arrest. Vale v. Louisiana, 399 U.S. 30, 90 S. Ct. 1969, 26 L.Ed.2d 409 (1970), and the search of an automobile based on probable cause, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
In this Court, the State concedes that the seizure of the contraband in the present case was not incident to the arrest. Rather, the State contends that the officers merely took possession of items in plain view, without a search. Alternatively, the State asserts that if the contraband was seized in a search, the search was based upon probable cause and satisfied constitutional requirements.
The doctrine that a law enforcement officer, who has a right to be where he is, may seize objects in plain view is well established in the jurisprudence. The doctrine is not a true exception to the search warrant requirement, for the theory is that such objects are taken without a search. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684(1969); State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972); State v. Jackson, 263 La. 849, 269 So.2d 465 (1972); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971); State v. McQueen, 257 La. 684, 243 So.2d 798 (1971). The plain-view doctrine does not apply if the law enforcement officers are engaged in an unlawful search at the time of the discovery of the objects. See Coolidge v. New Hampshire, supra.
We have studied the record in this case with great care and have concluded that the officers were searching the automobile at the time the contraband was discovered. Several facets of the evidence support this conclusion. The contraband was seized during the night time. One of the officers had previously driven the car during daylight hours from the place of arrest to the local police station. According to his testimony, he saw nothing to attract his attention. The other officer inspected the vehicle, found several empty beer cans, but saw nothing else of concern to law enforcement.
One of the officers testified that at the time they left Harrisonburg, they planned to search the automobile. Corroborating this testimony is that of the defendant who overheard a discussion of the search on the police radio. The second entry into the automobile was without defendant's knowledge or consent. The defendant had requested that his automobile be locked and left in Sicily Island.
It is true that a liberal rule for a warrantless search applies to automobiles. Unlike a house, an automobile may be quickly moved to defeat a search warrant. The warrantless search, however, must meet the test of reasonableness of the Fourth Amendment. Probable cause must exist for the search and, if the vehicle is already in police custody, exigent circumstances must be present to support a search without a warrant. Chambers v. Maroney, supra. Coolidge v. New Hampshire, supra.
In Chambers v. Maroney, supra, in upholding an automobile search, the United States Supreme Court stated:
"In enforcing the Fourth Amendment's prohibition against unreasonable *636 searches and seizures, the Court has insisted upon probable cause as a minimum requirement for a reasonable search permitted by the Constitution. As a general rule, it has also required the judgment of a magistrate on the probable-cause issue and the issuance of a warrant before a search is made. Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search."
We entertain serious doubt that the officers had probable cause to search the automobile at the time the marijuana was seized. Significant, we think, is the circumstance that when a search warrant was later secured the affidavit was based mainly on the prior seizure of the marijuana and pipe.
Assuming, however, that probable cause did exist at the time of the search, we find no exigent circumstances justifying a bypass of the search warrant procedure. The automobile was in police custody, and the arresting officer held the key. The officers had ample time to secure a warrant, as evidenced by the fact that they did later secure one.
In this Court, the State relies upon our recent decision in State v. Alderman, La., 285 So.2d 193 (1973). The case relied upon is factually inapposite. There, the automobile was on the highway in possession of the occupants and the officers had probable cause to search it.
The prosecution in this case was based entirely upon the items seized. We have concluded that the search and seizure violated the defendant's constitutional rights. Hence, the conviction and sentence must be set aside. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
For the reasons assigned, the motion to suppress the evidence is maintained, the conviction and sentence are reversed, and the case remanded to the trial court.
NOTES
[1] As originally filed, the motion to suppress was directed only at the marijuana. At the hearing, however, with the approval of the judge, the motion was broadened to include the pipe. Tr. 98-99.