312 So.2d 848 (1975)
STATE of Louisiana
v.
Richard D. NAVARRO.
No. 54888.
Supreme Court of Louisiana.
March 31, 1975.
Concurring Opinion On Denial of Rehearing May 30, 1975.
*849 John E. Conery, Lippman, Hunter & Rawls, Franklin, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Bernard E. Boudreaux, Jr., Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
Relator Navarro was charged by bill of information with possession of marijuana, a violation of La.R.S. 40:966, subd. C, was convicted after a bench trial, and was sentenced to six months' imprisonment in the Parish Jail. Upon relator's application seeking review under our supervisory jurisdiction we granted writs. 301 So.2d 43 (La.1974).
At about eleven o'clock on the evening of October 28, 1973, two deputies employed by the St. Mary Parish Sheriff's office, observed a Volkswagen driven by the relator run a stop sign; thereupon the officers stopped the vehicle, ordered the occupants out of the car, and asked both the driver and the passenger for identification. After these orders had been complied with, one of the officers returned to the police vehicle to ascertain over the police radio whether either relator or the passenger was wanted for any crime. While waiting for an answer, the officer walked over to the passenger side of the Volkswagen and focused his flashlight beam inside the vehicle. On the passenger seat he observed gleanings and seeds which he believed to be marijuana. The officer reported this observation to his partner and they seized the material and arrested the two occupants of the car for possession of marijuana. An additional reason for the relator's arrest was his failure to stop for the stop sign.
Subsequent to placing the subjects under arrest the officer who first observed the alleged marijuana gleanings again focused his flashlight beam on the interior of the car. He spotted a plastic bag above the sun visor on the driver's side, which he pulled down, causing the plastic bag to dislodge and fall. When the contents of the bag could be observed they were thought to resemble marijuana. Upon making this discovery the officers inquired of the relator and his companion whether either of them "had anything else." Relator's companion revealed that he had marijuana concealed in his underwear; all of the material was seized. In due time, relator's prosecution for possession of marijuana commenced.
Our review of the proceedings leading to the relator's conviction and sentence reveals that the trial court erred in failing to suppress certain of the evidence sought to be introduced against the relator. We further determine that there was no competent evidence upon which the trial court could base its finding that the relator was guilty as charged. For these reasons, the relator's conviction and sentence must be reversed.
Three distinct parcels of evidence were the subject of a motion to suppress filed by relator. The first parcel consisted of a clear plastic evidence bag containing three seeds, alleged to be marijuana seeds, which were the so-called "gleanings" observed on (and subsequently seized from) the passenger seat of the Volkswagen. The second parcel consists of two packages of cigarette papers and a clear plastic bag containing a substance resembling marijuana, all of which is sealed in a clear plastic evidence bag. The third parcel consists of material which appeared to be marijuana sealed in a clear plastic evidence bag. It is not clear which of the contents of the latter two parcels was seized from the passenger's *850 clothing and which fell from the sun visor when the officer pulled the visor into a "down" position.
After a review of the record we determine that the seeds confiscated by the police officer who had sighted them in plain view were lawfully seized, it is well established that an officer who is lawfully in a place from which he obtains a view of material reasonably believed to be contraband may legally seize that material. In the instant case, the officers who observed the relator run a stop sign had a right to stop the car, ask the occupants to alight and then observe that which was in "plain view." However, we note that the record reveals that the crime laboratory reported that the seeds sent to it for analysis were broken and not in a condition to plant; that is, incapable of germination. The report does not show that these seeds were determined to be marijuana. La.R.S. 40:961 defines marijuana but specifies that marijuana "* * * shall not include * * * the sterilized seed of such plant [of the Genus Cannabis] which is incapable of germination." Since these three seeds were not determined to be marijuana the trial court erred in failing to suppress them as evidence when it was shown that the crime laboratory could not identify them as marijuana. These seeds could not form the basis for this prosecution and conviction based on marijuana possession.
While we are unable to determine which parcel contained the marijuana taken from the person of relator's companion and which parcel contained the marijuana which fell from the visor, we set forth below adequate legal basis for holding both parcels inadmissible. The marijuana seized from the underwear of relator's companion obviously could not form the basis for relator's prosecution; the relator's actual or constructive possession of, or control over, this marijuana was not established at the hearing on the motion to suppress or at trial. Therefore, this marijuana could not be introduced at relator's trial. Thus the only marijuana upon which the prosecution could possibly be lawfully based would be that which was recovered when the arresting officer pulled on the car visor, causing the marijuana hidden there to fall into view; the constitutionality of the search which led to the seizure of this marijuana is therefore determinative of the issues we consider.
Since the search which led to the seizure of the marijuana hidden on the car visor was conducted without a warrant, we must decide whether the search comes within the purview of any of the well-recognized exceptions to the warrant requirement. The circumstances of the instant case require that we consider whether this warrantless search is valid under either the "search incident to a lawful arrest" exception or the "automobile" exception. We must also confront the issue of whether the marijuana may be deemed to have been in "plain view" so that its recovery would not amount to a search within the terms of the Fourth Amendment.
The record reveals that when the officer directed his flashlight beam on the visor above the driver's seat, he saw a plastic bag protruding from the visor. It was the officer's unequivocal testimony that he could not see that was in the bag but could merely ascertain that the bag did contain something. Upon perceiving the bag he pulled down the sun visor and at that time the contents of the bag, which appeared to be marijuana, became visible. Under our jurisprudence the seizure of the marijuana cannot be held to be a seizure of evidence in plain view. In State v. Meichel, 290 So.2d 878 (La.1974), this Court held that an officer "* * * does not have the right to seize any object in his view in order to examine it and determine if it is or would be evidence in a criminal prosecution. An object in open plain view may be seized only where it is readily apparent that the object is contraband or evidence. * * *" The plastic bag sighted by the officer was not clearly contraband since many legal items are contained in *851 plastic bags. This item was not seized pursuant to a "plain view" discovery.
We next determine that the marijuana from the visor was not seized incident to a lawful arrest. Under the rule enunciated by the United States Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), a search incident to a lawful arrest must be confined to a body search to discover weapons or evidence which the arrestee may destroy and to an "* * * area from within which he might have obtained either a weapon or something that could have been used as evidence against him. * * *" The basis for the limits of the rule enunciated in Chimel was the United States Supreme Court's determination that:
"* * * When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. * * * In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. * * *"
In the present case both the relator and his companion were out of the car, under arrest and in custody at the time of the discovery of the marijuana which had been on the visor. Neither the relator nor his companion were in an area from which they could have secreted or destroyed the marijuana on top of the visor. Under these circumstances, we are constrained to find that the search was not incident to a lawful arrest because it does not come within the limits set forth in Chimel.
Finally, we must determine whether the warrantless search which led to the seizure of the marijuana on the visor may be found lawful under the "automobile" exception to the warrant requirement. That exception contemplates probable cause to search and exigent circumstances which will justify proceeding without a warrant. See State v. Massey, 310 So.2d 557 (La.1975). The "automobile" exception is based in part on the fact that a motor vehicle stopped on a highway, unlike a house, "can be quickly moved out of the locality." See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In further explaining the reasonableness of dispensing with the warrant requirement in certain automobile search cases, the United States Supreme Court pointed out in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) that there are situations in which "* * * [t]he opportunity to search [the automobile] is fleeting * * *."
In the present case exigent circumstances which would bring this search and seizure within the "automobile" exception clearly do not exist. The opportunity to search was hardly "fleeting". Both of the occupants of the automobile were under arrest and to be taken to jail. The automobile was in no imminent danger of being moved. The officers were obligated to protect the vehicle for the arrestees. This would entail locking the automobile or placing it in a garage for safekeeping. It would appear that no possibility of secretion or destruction of evidence would have existed while the arrests were completed and a search warrant was sought. Even an extremely tenuous possibility that someone could come and secrete or destroy the evidence should not be allowed to emasculate the "exigent circumstances" requirement of the "automobile" exception. The Fifth Circuit addressed itself to an analogous situation in United States v. Davis, 423 F.2d 974 (5th Cir. 1970). In that case the arresting officers wounded one defendant while arresting his co-defendant. The agents took the arrestee to jail and took the co-defendant to the hospital, then returned to search the arrestee's front yard *852 for the gun he had pulled on the officers. The government contended that the warrantless search was justified by the risk that some member of the arrestee's family might remove the gun before a warrant could be obtained. The court held:
"An adoption of the government's reasoning would result in the evaporation of an arrestee's Fourth Amendment rights. There is almost always a partisan who might destroy or conceal evidence. * * * [T]he ability of a third party to destroy evidence does not temporally expand the authority of arresting officers to conduct a search incident to a lawful arrest."
We approve the reasoning expressed by the Fifth Circuit in the Davis case and find it applicable to the instant case. Where, as here, there is no reason to believe that some third party will secrete or destroy evidence or move the vehicle, and where the only subjects who can reasonably be expected to know of the existence of contraband are under arrest and in the custody of the police, the mere fact that the enclosure sought to be searched is an automobile cannot justify a search without a warrant even if there is probable cause to believe that the car contains contraband.
For all of the reasons stated above, we conclude the trial court erred in not granting the motion to suppress the marijuana contained in the second and third parcels of evidence. Since the seeds contained in the first parcel of evidence could not be determined to be marijuana, we hold that no basis existed for the prosecution and conviction of this relator.
Accordingly, we reverse the relator's conviction and sentence.
SANDERS, C.J., dissents for the reasons assigned by MARCUS, J.
SUMMERS, J., dissents and will assign reasons.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) first enunciated the "automobile exception" in regard to the warrantless search of a vehicle. Basically, Carroll laid down two requirements for such a warrantless search: exigent circumstances and probable cause to believe the car will yield contraband or evidence useful for prosecution in crime. Since Carroll, the United States Supreme Court has recognized a distinction between the warrantless search and seizure of automobiles on the one hand, and the search of a home or office on the other.[1]
In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the court, in validating an automobile search after the driver's arrest at a time when the car was in police custody, stated:
Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search. Carroll, supra, holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible.
*853 After Chambers the United States Supreme Court rendered opinions in the following cases discussing the constitutionality of the warrantless search of automobiles under the fourth amendment: Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).
It is well settled that, under certain circumstances, the police may seize evidence in plain view without a warrant. This has been termed the "plain view" doctrine. Under this rule "[i]t has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence": Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924). Coolidge v. New Hampshire held that a warrantless seizure under the "plain view" doctrine is permitted where the police officer has a legitimate reason for being present and inadvertently comes across an incriminating object. Evidence concerning that which is in plain view is not the product of a search. State v. Hargiss, 288 So.2d 633 (La.1974); Marshall v. United State, 422 F.2d 185 (5 Cir. 1970) (cases cited in these opinions).
In the instant case, the police officers were justified in being where they were. The officers had seen Navarro run the stop sign. This was the commission of a crime in their presence, giving them cause to stop the vehicle and detain the passengers for questioning and/or arrest. Articles 215.1 and 213 of the Louisiana Code of Criminal Procedure. It was eleven o'clock at night. One of the officers had radioed for further information on the occupants. While waiting for the answer, he walked beside the vehicle on the passenger side where he had been interrogating the passenger. The door was open, and the officer flashed his light into the vehicle where he observed what he considered to be marijuana gleanings on the car seat. The circumstances justified his position by the vehicle. He then saw in plain view what appeared to him, according to his knowledge, to be marijuana seeds or gleanings. The use of a flashlight was not a "search" under these circumstances. "The plain view rule does not go into hibernation at sunset." Marshall v. United States, 422 F.2d 185 (5th Cir. 1970). Hence, in my opinion, under the facts of this case, the police officer had a legitimate right to be where he was when he first saw the marijuana gleanings on the car seat. Coolidge v. New Hampshire; Harris v. United States, supra. The fact that the seeds later turned out to broken and not capable of germination does not detract from the officer's right to have seized the substance under these circumstances. It was sufficient to create probable cause to make a search of the vehicle from which the plastic bag containing marijuana was removed from behind the sun visor. In view of the mobility of the vehicle, there were exigent circumstances. Hence, having probable cause and exigent circumstances, the "automobile exception" to the warrant requirement to the fourth amendment was present here. Carroll v. United States; Chambers v. Maroney, supra.
Furthermore, the courts have upheld the constitutionality of searches incident to arrest. When a man is legally arrested for an offense, whatever is found upon his person or in his control which is unlawful for him to have and which may be used to prove the offense may be seized and held as evidence in the prosecution. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Agnello v. *854 United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
Although not involving the search of an automobile, two significant opinions have been rendered by the United States Supreme Court in alleged fourth amendment violations: United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). In both cases, after custodial arrest, the search of the person was held constitutionally permissible even absent fear of the defendant or suspicion that he was armed. In Robinson, the search of the person, after custodial arrest for operating a motor vehicle after revocation of his operator's license, was established police department practice. A full search of defendant's person yielded heroin capsules which were found in a crumpled cigarette package in defendant's coat pocket. The court found that it is the fact of the lawful arrest which establishes the authority to search and "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a `reasonable' search under that Amendment."
The companion case of Gustafson v. Florida concerned the search of the defendant's person after a lawful arrest for driving his automobile without having his driver's license in his possession. A cigarette box in the defendant's coat was found when a full search of his person was conducted by the officer after his arrest. The arrest was made at 2 a.m. It was conceded that the officer had probable cause to arrest and that he took defendant into custody in order to transport him to the station house for further inquiry. It was argued in Gustafson that, unlike Robinson, the offense for which Gustafson was arrested was "benign or trivial in nature" carrying with it no mandatory minimum sentence as did the offense for which Robinson was arrested. There was no police regulation requiring the officer to take defendant into custody nor was there police department policy requiring full-scale body searches upon arrest in the field. Also, no fear was expressed by the officer for his own well-being or for that of others. The court rejected any distinction between this case and Robinson. In affirming the conviction, the court held:
... [U]pon arresting petitioner for the offense of driving his automobile without a valid operator's license, and taking him into custody, Smith was entitled to make a full search of petitioner's person incident to that lawful arrest. Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that Smith did not indicate any subjective fear of the petitioner or that he did not himself suspect that the petitioner was armed. Having in the course of his lawful search come upon the box of cigarettes, Smith was entitled to inspect it; and when his inspection revealed the homemade cigarettes which he believed to contain an unlawful substance, he was entitled to seize them as "fruits, instrumentalities or contraband" probative of criminal conduct....
Under Robinson and Gustafson, it was held that a search incident to an arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search. Admittedly, Robinson and Gustafson involved the search of a person. However, a search of an automobile is far less intrusive on the rights protected by the fourth amendment than the search of one's person. Hence, in my view, it is within the rationale of Robinson and Gustafson to permit a search of a vehicle when made contemporaneously with and incidental to a lawful arrest. This is particularly true where, as in this case, the arrest has taken place on a public road at night. It is only logical to conclude that, *855 under these circumstances, the search of the vehicle was reasonable and did not offend defendant's fourth amendment rights.
For the foregoing reasons, I consider that the trial judge properly denied the motion to suppress, and this conviction and sentence should not be reversed.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by Mr. Justice MARCUS.

On Application for Rehearing
TATE, Justice (concurring in denial of rehearing).
The application for rehearing and amicus curiae briefs strongly urge that this court overlooked the exigent circumstance represented by a motor vehicle, which allegedly permits a warrantless search. In my opinion, the applicants misunderstand the socalled "vehicle" exception to the requirement of a warrant.
Where there is reasonable belief that a vehicle may contain contraband or the proceeds of a crime, the law enforcement officers may be justified insearching an automobile without a warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Here, however, there was no probable cause to search the vehicle without a warrant.
The fact that the officer saw on the seat gleanings which resembled marijuana seeds may have justified his seizing them. They did not constitute under our constitutions probable cause to search the entire vehicle which, after all, had just been stopped for a traffic violation. The probable cause to make the search requires more than the suspicion of an officer that a vehicle may contain more marijuana; it must be based upon a reasonable belief, based on shown facts, that the vehicle does contain more of the illegal substance.
Likewise, the arrest of the driver for a traffic violation did not justify the warrantless search of his vehicle. The driver and occupants had been ordered outside the vehicle. No legal authority justifies the warrantless search of a vehicle because the driver is under arrest outside the vehicle. To the contrary, see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
Further, the limited search permitted incident to an arrest is confind to search of the body and immediately adjacent area where weapons or evidence might be concealed. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The arrest for a traffic offense does not justify a shakedown of the arrestee's vehicle or other premises to discover some other crime he may have committed, especially where the arrestee is outside of them and under full control of the arresting officers.
The Fourth Amendment of the United States Constitution proscribes warrantless searches, with limited exceptions. It is a basic guarantee of basic liberty of each individual in this nation of free men against arbitrary state intrusion upon the individual's right to privacy. It is one of the essential differences of America from the police states of other parts of the world.
An American's vehicle, if not his castle, is an important component of his daily life in the mobile America of this day. A traffic offense does not end, for an American driver, the protections of the Fourth Amendment to the freedom of his effects from state rummaging by warrantless search.
I concur in the denial of rehearing.
NOTES
[1] See IIusty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931); Scher v. United States. 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).