357 So.2d 803 (1978)
STATE of Louisiana
v.
Vester RANKIN.
No. 60936.
Supreme Court of Louisiana.
April 10, 1978.
*804 J. Michael Veron, Lake Charles, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., J. B. Jones, Jr., Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Vester Rankin was charged by bill of information with aggravated assault in violation of La.R.S. 14:37. After a judge trial, defendant was found guilty as charged and sentenced to serve six months in the parish prison. Defendant's application to this court for review under our supervisory jurisdiction was granted.[1] He asserts two assignments of error for reversal of his conviction and sentence. Finding reversible error in Assignment of Error No. 2, we pretermit consideration of the other assigned error.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in admitting in evidence an oral confession made by him at the time of his arrest.
Prior to trial, the state notified defendant of its intent to introduce the confession in evidence; defendant made an oral motion to suppress it. The trial judge did not rule on the motion at this time. During its case-in-chief, the state did not introduce the confession in evidence. In an apparent attempt to prevent any possibility of introduction of the confession in evidence during the state's rebuttal, defendant called James W. Erbelding, the arresting officer, as a witness. Officer Erbelding testified on direct examination that, at the time of his arrest, defendant appeared to be intoxicated and disoriented, confused and irrational. On cross-examination, the state questioned Officer Erbelding concerning the Miranda warnings given defendant at the time of his arrest, apparently as a part of a foundation for introduction of the oral confession in evidence. The officer testified that he read the Miranda rights to defendant and asked if he wished to make a statement. The state then asked the officer, "Did he tell you he had shot." Defendant objected on the ground that defendant was not capable of making a knowing and intelligent waiver of his constitutional rights at the time of his arrest due to his intoxicated condition. The court ruled, "The objection will go to the weight." The state then asked the witness, "Didn't he tell you he had shot Antoine [victim] at Bernice's place [location of the alleged shooting]?" The witness responded in the affirmative. Defendant made his objection general to this entire line of questioning. The witness in response to further questions by the state testified to other inculpatory statements made by defendant at the time of his arrest.
Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451. It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453. Where the free and voluntary nature of a confession is challenged on the ground that he was intoxicated at the time of interrogation, the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate defendant's comprehension and to render him unconscious of the consequences of what he is saying. Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact. The admissibility of a confession is in the first instance a question *805 for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned unless they are not supported by the evidence. State v. Hutto, 349 So.2d 318 (La.1977); State v. Adams, 347 So.2d 195 (La.1977).
In the instant case, Officer Erbelding testified that at the time of his arrest, defendant appeared to be intoxicated and disoriented, confused and irrational. No other witness testified concerning defendant's condition at the time of his arrest. Based upon this evidence, we are unable to say that the state has satisfied its burden of affirmatively proving that the oral confession made by defendant at the time of his arrest was free and voluntary after being advised of his Miranda rights. On the contrary, the evidence is clear that defendant was not capable of understanding his Miranda rights and making a free and voluntary confession due to his intoxicated condition. Hence, the trial judge committed reversible error in admitting in evidence the oral confession made by defendant at the time of his arrest.
Having found the confession inadmissible for the reasons assigned, we need not reach the issue of whether, under other circumstances, an accused's confession may be introduced in evidence during cross-examination of a defense witness, other than the accused, to impeach the testimony of that witness.

DECREE
For the reasons assigned, the conviction and sentence are reversed; the case is remanded for a new trial in accordance with law.
CALOGERO, J., concurs.
DENNIS, J., concurs and assigns reasons.
SUMMERS, J., dissents.
DENNIS, Justice, concurring.
While I concur fully in the holding of the majority opinion, I cannot agree with the dictum that "the confession will be rendered inadmissible only when the intoxication is of such a degree as to negate defendant's comprehension and to render him unconscious of the consequences of what he is saying." The issue of voluntariness is complex and its decision depends on many variables, see, State v. Glover, 343 So.2d 118 (La.1977). I do not think a finding of absolute loss of comprehension or consciousness of consequences is a prerequisite to determination that a confession lacked voluntariness due to intoxication alone or in combination with other factors.
NOTES
[1] 352 So.2d 233 (La. 1977).