372 So.2d 555 (1978)
STATE of Louisiana
v.
Charles TAGUE.
No. 62584.
Supreme Court of Louisiana.
December 15, 1978.
On Rehearing June 25, 1979.
*556 A. J. Boudreaux, Kenner, Indigent Defender Board, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Clarence McManus, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Charles E. Tague was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty and sentenced to serve sixty-five years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.
We have reviewed the record and find no merit to defendant's assignment of error. Accordingly, we affirm his conviction and sentence.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.

On Rehearing
BLANCHE, Justice.
In this rehearing, we again consider defendant's assignment of error that the arresting officer failed to inform him of each of his constitutional rights. State v. Hollingsworth, 337 So.2d 461 (La.1976); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
Defendant contends that the introduction of an inculpatory statement made by him after his arrest should not have been admitted into evidence, as the State had not overcome its heavy burden of proof establishing that Miranda rights were actually given and knowingly waived.
*557 On original hearing we affirmed defendant's conviction, and for the following reasons we conclude that our decision on that original hearing was correct.
In the hearing to determine whether the inculpatory statement would be admitted, the arresting officer was the only one to testify about when the accused allegedly made the inculpatory remark concerning the location of the cab. He stated that he read the defendant his Miranda rights after he apprehended him and before the alleged inculpatory statement was made. His testimony is as follows:
"Q Then you took them back to the car?
"A From the house we brought them to the car that is when I put the cuffs on them, that is when I advised them they were under arrest right there.
"Q You advised them they were under arrest?
"A Yes.
"Q For armed robbery?
"A I advised him for armed robbery.
"Q Did you give him the Miranda rights at that point?
"A That point behind the car by the trunk of the car.
"Q And this was before you asked where the cab was?
"A Yes, after I read him his rights before I asked him any questions I read him his rights and then I asked him the questions.
"Q What are the Mirandas, officer?
"A Off hand I couldn't tell you, I had a card, I got a little white card, that's what I read them off of.
"Q Do you have that card on you?
"A No, I don't.
"Q Did you ask him if he understood his rights?
"A At that time I couldn't recall if I did or not, like I said, I read him the card, I advised him that he was under arrest for robbery, and that is all I can remember really.
"Q So you really can't say whether you rendered any tests to see if he understood or if he was illiterate or not to understand what you were saying or illiterate or not to understand the terminology if he was capable of understanding, you didn't do anything along that line?
"A At this time I couldn't remember, I couldn't say yes or no."
We are not willing to hold that the defendant was not informed properly of his constitutional right to remain silent because the arresting officer could not remember what "Miranda rights" were in the absence of the white card on which such rights were printed. In view of the officer's inability to remember these rights independently without a card, we believe that any attempt by him to give such rights to an accused without reading therefrom would, indeed, have been suspicious as to adequacy of the advice.
In short, his failure on the witness stand to remember what Miranda rights were is not proof they were not given by the officer in the manner stated. On the hearing as to admissibility of defendant's statement, defendant introduced no evidence to negate the arresting officer's testimony that defendant was informed of his rights. The reading of the Miranda rights from a card was adequate, and has even been held to be preferable to giving an accused a copy to read for himself. United States v. Choice, 392 F.Supp. 460 (E.D.Pa.1975); cf. United States v. Bailey, 468 F.2d 652 (5th Cir. 1972).
Neither is an arresting officer compelled to give an intelligence test to a person who has been advised of his rights to determine if he understands them; an illiterate, or a person with a below-normal I. Q., even a mental retardate, can make a valid waiver of his Miranda rights and is not precluded from making a knowing and voluntary confession. State v. Neal, 321 So.2d 497, 499 (La.1975); State v. Washington, 321 So.2d 763, 767 (La.1975), vacated in part (re. death sentence), 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1213 (1976); State v. Ross, 320 So.2d 177, 179 (La.1975); State v. Nicholas, 319 So.2d 361 and 365 (La.1975) (two *558 cases); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971).
Absent a clear and readily apparent lack thereof, it can be presumed that a person has capacity to understand, and the burden is on the one claiming a lack of capacity to show that lack. LSA-C.C. arts. 25 and 1782; State v. Rankin, 357 So.2d 803 (La.1978); State v. Glover, 343 So.2d 118, 128 (La.1976). Even intoxication, when readily apparent, has been held to go only to the weight to be given an inculpatory statement. Rankin, supra. When there is nothing in the speech or manner of a person to call attention to a lack of capacity, we do not regard that an arresting officer has an obligation to take any special measures to be assured of that person's capacity before proceeding to question him. There is no showing whatsoever in this record as to any lack of capacity on the part of defendant.

DECREE
We find no merit to defendant's assignment of error; and accordingly, for the reasons assigned on original hearing and herein, the conviction and sentence are affirmed.
AFFIRMED.
DIXON and CALOGERO, JJ., dissent.
DENNIS, J., dissents with reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
If the State couldn't prove what the defendant was told (his "Miranda" rights) the trial judge couldn't possibly have found that defendant was informed of his rights and knowingly waived them.
DENNIS, Justice, dissenting.
I respectfully dissent.
Contrary to the explicit requirements of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the majority today creates a presumption that the defendant understood his constitutional rights and places the burden of proof upon the defendant, instead of the state, to demonstrate whether the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.
In Miranda the Supreme Court painstakingly put the burden of proof upon the government to show that the specific warnings were given and that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. In doing so, the court specifically rejected the idea that a defendant could be presumed to know his constitutional rights without a warning because of his education, background, or because of other circumstantial evidence:
"The Fifth Amendment privilege is so fundamental to our system of constitutional rule and the expedient of giving an adequate warning as to the availability of the privilege so simple, we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given. Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation; a warning is a clearcut fact. More important, whatever the background of the person interrogated, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time." 384 U.S. 468-69, 86 S.Ct. 1625, 16 L.Ed.2d 720.
"Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person *559 may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right." 384 U.S. 471-72, 86 S.Ct. 1626, 16 L.Ed.2d 722.
"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. Escobedo v. Illinois, 378 U.S. 478, 490, n. 14, 84 S.Ct. 1758, 1764, 12 L.Ed.2d 977 [986]. This Court has always set high standards of proof for the waiver of constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, [146 A.L.R. 357] (1938), and we reassert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders." 384 U.S. 475, 86 S.Ct. 1628, 16 L.Ed.2d 724.
The majority opinion today clearly violates the principles of Miranda and of Article 1, § 13 of the Louisiana Constitution of 1974.