377 So.2d 1322 (1979)
STATE of Louisiana in the Interest of Jerry Matthew LEWIS.
No. 12860.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Leon D. Jackson, Baton Rouge, for defendant-appellant Jerry Matthew Lewis.
Mary V. Gilliland, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of Louisiana.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
The issue before us is whether the confession of an accused under the jurisdiction of the juvenile court is admissible, even though given without the advice of an attorney or an interested adult, if the accused was seventeen or older when he waived his rights and confessed.
Appellant, Jerry Matthew Lewis, was adjudicated a delinquent based on his commission at age sixteen of an armed robbery in violation of La.R.S. 14:64. The offense in which Lewis was alleged to have participated occurred on July 24, 1978, and involved the robbery at knife point of a grocery store in Baton Rouge. On November 1 and 2, 1978, in Los Angeles, California, Lewis gave oral and written confessions to *1323 Sgt. Danny Mixon, a deputy sheriff of East Baton Rouge Parish. At the time he gave the confession Lewis was seventeen years old.
Sgt. Mixon testified Lewis turned himself in to the police on November 1 when he learned police had been to his home and school that day looking for him in connection with a Baton Rouge robbery. Mixon stated that when he met Lewis at the police station, Lewis appeared composed and fully aware of why he was being arrested. The interview with Mixon at which he gave a verbal confession began at approximately 7:00 P. M. According to Mixon, when Lewis was verbally informed of his rights, he responded he fully understood. Lewis also read a written Miranda warning and signed a consent-to-questioning form. Mixon stated that the next morning before Lewis gave a written confession, he was again advised of his rights. Additionally before signing the completed statement, the standard Miranda warning was read. Mixon testified there were no threats, promises, or other forms of coercion involved in securing the confessions. According to Mixon, Lewis, an eleventh grade student, had no trouble understanding the questions he was asked nor the nature of the charges against him.
Lewis presented no evidence to counter the testimony of Sgt. Mixon on the voluntariness of the confession. Rather he bases his argument on the fact, admitted by Mixon, that he did not consult with an attorney or an interested, informed adult prior to waiving his right to counsel and privilege against self-incrimination. Lewis maintains the lack of such consultation renders his confessions inadmissible due to the ruling of the Supreme Court in State in the Interest of Dino, 359 So.2d 586 (La.1978). The State, on the other hand, argues the Dino holding is inapplicable since Lewis was seventeen when he made the inculpatory statements.
In Dino the Supreme Court made the following holding:
Because most juveniles are not mature enough to understand their rights and are not competent to exercise them, the concepts of fundamental fairness embodied in the Declaration of Rights of our constitution require that juveniles not be permitted to waive constitutional rights on their own. For these reasons we hold that in order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination.
359 So.2d at 594 (footnotes omitted).
Above and throughout the opinion, the court used the term "juvenile" to designate the age group to which its ruling applied. Unfortunately this term is not free from ambiguity.
Article 5 § 19 of the Louisiana Constitution of 1974 in pertinent part provides:
Except for a person fifteen years of age or older who is alleged to have committed a capital offense or attempted aggravated rape, the determination of guilt or innocence, the detention, and the custody of a person who is alleged to have committed a crime prior to his seventeenth birthday shall be exclusively pursuant to special juvenile procedures which shall be provided by law.
Under the Juvenile Courts Act (La.R.S. 13:1561-1605), which was in effect when Dino was written and also at the time of the armed robbery and subsequent confession, the terms "child" and "adult" are defined as follows in Section 1569:
(3.) "Child" means a person less than seventeen years of age. The term "child" also means a person over seventeen but who committed an act of delinquency before attaining the age of seventeen years....
(4.) "Adult" means an individual seventeen years of age or older.
R.S. 13:1571.1(C) further provides:
C. No child, either before or after attaining the age of seventeen shall be prosecuted in criminal court for an offense which was allegedly committed by the child who had not then attained the *1324 age of seventeen unless the case has been transferred to criminal court as provided herein, or except as otherwise provided by law.
The Code of Juvenile Procedure, which was in effect at the time of the adjudication hearing, contains the following definitions in Article 13:
(7.) "Delinquent act" means an act committed by a person less than seventeen years of age ....
(9.) "Child" means a person less than seventeen years of age.
In delinquency proceedings the term "child" also means a person under twenty-one years of age, who committed a delinquent act before attaining the age of seventeen years.
Did the Supreme Court in Dino intend for the term "juvenile" to cover all persons within the jurisdiction of the juvenile courts without regard to age? Or was its ruling restricted to persons who were under seventeen at the time they gave inculpatory statements? We hold with the latter interpretation for the reasons given below.
The expressed concern of the court in Dino was that the immaturity and vulnerability of youth were such as to prevent most young persons from understanding and effectively exercising their rights. No valid purpose would be served by extending the protections of Dino to persons of an age group that does not suffer the disadvantages of youth. To apply Dino to all persons within the jurisdiction of the juvenile courts would impose an unnecessary, inappropriate, burdensome procedural safeguard for the protection of adults, who are already adequately protected by the Miranda decision (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) and Article 1 § 13 of the 1974 Louisiana Constitution.
We note too that in State v. Collum, 365 So.2d 1272 (La.1978), the Supreme Court in discussing its holding in Dino made the following statement:
By that decision this Court decided that a confession of a person under seventeen years of age is not admissible unless the juvenile actually consulted with an attorney or an adult before waiving his right to silence; that the attorney or adult consulted was interested in the welfare of the juvenile; and if an adult other than an attorney is consulted, the adult also must be fully advised of the rights of the juvenile.
365 So.2d at 1274 (emphasis added).
Additionally, one of the dissenting justices in Dino in referring to the majority's holding stated it established rules "concerning the admission of a confession of a person under seventeen years of age." In the Interest of Dino, supra at 599.
Article 5, § 19 of the 1974 Constitution, quoted above, provides that all persons alleged to have committed a crime prior to their seventeenth birthday be dealt with "exclusively pursuant to special juvenile procedures which shall be provided by law." However, the juvenile procedures provided by law are silent with respect to requirements for the admissability of a confession by a person over seventeen years of age to a crime committed by him when under that age. We believe this hiatus is cured by Article 1, § 13 of the 1974 Constitution providing the rights of an accused person and that Dino, as interpreted by us, is consistent with the intent of those who drafted our Constitution and juvenile statutes.[1]
Having found Dino inapplicable, we must now determine if the State has borne its burden of proving that the confessions were made freely and voluntarily without the influence of fear, duress, intimidation, menaces, threats, inducements, or promises and that the accused knowingly and intelligently waived his right to counsel and privilege against self-incrimination. La.R.S. 15:451; State v. Rankin, 357 So.2d 803 (La. *1325 1978). The uncontradicted testimony of Sgt. Mixon, which is discussed above, adequately satisfies the test for admissability of confessions.
Lewis's final contention is that it is a violation of Article 1, § 3 of the 1974 Louisiana Constitution to treat seventeen-year-olds as adults in criminal matters while in civil matters they are afforded the protection of minority status.[2] C.C. art. 37. We find no merit in this argument. Given the very different concerns involved in criminal and civil matters, we find no irrationality in the one-year age difference complained of.
For the foregoing reasons, the judgment appealed is affirmed.
AFFIRMED.
NOTES
[1] Article 1, § 13 of the 1974 Constitution provides in part:

When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self-incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel.
[2] Article 1, § 3 of the 1974 Constitution provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.