379 So.2d 735 (1980)
STATE of Louisiana
v.
Leroy ANDERSON, Jr.
No. 65364.
Supreme Court of Louisiana.
January 28, 1980.
*736 J. Michael Veron, Scofield, Bergstedt, Gerard, Hackett & Mount, Lake Charles, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Terry Johnson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
MARCUS, Justice.
Leroy Anderson, Jr. was charged by bill of information with simple burglary in violation of La.R.S. 14:62. At the arraignment, defendant entered a plea of not guilty. Subsequently, defendant filed a motion to suppress a written inculpatory statement made by him shortly after his arrest at the police station. It was alleged that, because of his mental retardation, defendant was incapable of knowingly and intelligently waiving his Miranda rights; therefore, the statement should be suppressed. After a suppression hearing, the trial judge denied the motion. Defendant's application to this court was granted under our supervisory jurisdiction.[1]
The following evidence was adduced at the suppression hearing. On November 29, 1978, defendant (a seventeen-year-old male) and three accomplices unlawfully entered Carver Elementary School in Lake Charles, Louisiana. Defendant and his accomplices were in the process of taking meat and other food items from the school cafeteria when the police arrived. Defendant was apprehended and charged with simple burglary. At the police station, defendant was allowed to call his mother. His mother spoke with Officer Dan Guillory and told him that defendant was a mental retardate. Nevertheless, defendant was read his Miranda rights. When it became apparent that defendant did not understand, Officer David Waggoner, another officer present at the interrogation, re-read defendant his rights and attempted to explain each sentence to him in more simple terms.
Officer Guillory, after stating that defendant indicated to him that he did not understand the explanation of his rights, testified as to why the officers took the statement from defendant when they knew he was mentally retarded: "I felt that we should go ahead and get the story. If ... if the confession was thrown out, at least we would have his version of the story." Officer Waggoner testified that defendant could not comprehend the meaning of his constitutional rights as read to him, though he did appear to understand when the officers explained the rights in a more simple context.
Mrs. Betty Howard, a teacher of special education who had had considerable contact with defendant when she administered several academic achievement tests to him in 1975, qualified as an expert in the field of special education. She testified that, when she tested defendant four years earlier, he was educable, though he was unable to read and had a comprehension level equivalent to an eight-year-old child. Because defendant had dropped out of school, she believed his ability to appreciate information had probably deteriorated: "I think he would have regressed overall, academically." In addition, she stated that students involved in special education often agree with what is being communicated to them in an attempt to please and to be cooperative, though they often do not understand. At the conclusion of the hearing, the trial judge denied defendant's motion to suppress his confession.
We have held that moderate mental retardation and low intelligence or illiteracy do not of themselves vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. State v. Collins, 370 So.2d 533 (La.1979); State v. Neal, 321 So.2d 497 (La. 1975); State v. Nicholas, 319 So.2d 361 (La. 1975); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971). The critical factor in all such cases is whether or not the defendant was able to understand the rights being explained to him.
*737 In State v. Collins, supra, we upheld a waiver of rights as knowing and intelligent where the defendant, a twenty-four year old male, was mildly retarded with an I.Q. of about 68. Two psychiatrists testified that, if the constitutional liberties were explained to Collins, he could understand them. In addition, Collins earned a living, supporting a wife and two children, and had been subjected to police interrogation before and knew its possible consequences from being a fugitive and serving a penitentiary sentence. His constitutional rights were explained to him extensively on several occasions during the investigation.
In the instant case, defendant is not nearly as sophisticated as the defendant in Collins. He was seventeen years old at the time of the crime and had the mental age of an eight year old; his I.Q. was stated to be between 50 and 69. There was no evidence of defendant's being employed or supporting a family, factors which would tend to show his responsibility and ability to communicate. Though educable, he could not read; he was only able to print his name. The testimony of the special education teacher, the only expert to testify at the hearing and who had spent considerable time testing defendant previously, tended to show that defendant's mental ability had probably regressed since that time. Finally, even the testimony of the police officers who took the statement from defendant was quite ambivalent as to whether defendant ever understood the rights which they attempted to explain to him.
Considering all these factors, we find that the defendant did not understand his rights nor did he appreciate the possible consequences thereof. Hence, we conclude that defendant, because of his mental retardation, was incapable of knowingly and intelligently waiving his Miranda rights. The trial judge erred in not sustaining defendant's motion to suppress his confession. We must reverse.

DECREE
For the reasons assigned, the ruling of the trial judge denying defendant's motion to suppress is reversed and set aside; defendant's motion to suppress his confession is sustained; the case is remanded to the district court for further proceedings in accordance with law.
NOTES
[1] 375 So.2d 948 (La.1979).