## TAGUE *v.* LOUISIANA

No. 79–5386. Decided January 21, 1980

PER CURIAM.

Petitioner was charged with armed robbery in violation of La. Rev. Stat. Ann. § 14:64 (West 1974). He was convicted by a jury and sentenced to 65 years at hard labor without benefit of parole. His conviction was affirmed by the Supreme Court of Louisiana in a brief *per curiam* opinion. 372 So. 2d 555, 556 (1979). On rehearing, a divided court reaffirmed petitioner's conviction. *Ibid.* It rejected his contention that an inculpatory statement made to the arresting officer and introduced at trial had been obtained in violation of his rights under *Miranda* v. *Arizona,* 384 U. S. 436 (1966).

At the suppression hearing in the trial court, the arresting officer testified that he read petitioner his *Miranda* rights from a card, that he could not presently remember what those rights were, that he could not recall whether he asked petitioner whether he understood the rights as read to him, and that he "couldn't say yes or no" whether he rendered any tests to determine whether petitioner was literate or otherwise capable of understanding his rights. 372 So. 2d, at 557.

A majority of the Supreme Court of Louisiana held that an arresting officer is not

"compelled to give an intelligence test to a person who

has been advised of his rights to determine if he understands them. . . .

"Absent a clear and readily apparent lack thereof, it can be presumed that a person has capacity to understand, and the burden is on the one claiming a lack of capacity to show that lack. LSA—C. C. arts. 25 and 1782. . . ." *Id.*, at 557–558.

Justice Dennis in dissent wrote that

"[c]ontrary to the explicit requirements of the United States Supreme Court in *Miranda* v. *Arizona,* 384 U. S. 436, . . . the majority today creates a presumption that the defendant understood his constitutional rights and places the burden of proof upon the defendant, instead of the state, to demonstrate whether the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Id.*, at 558.

We agree. The majority's error is readily apparent. *Miranda* v. *Arizona* clearly stated the principles that govern once the required warnings have been given.

"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Escobedo* v. *Illinois,* 378 U. S. 478, 490, n. 14. This Court has always set high standards of proof for the waiver of constitutional rights, *Johnson* v. *Zerbst,* 304 U. S. 458 (1938), and we re-assert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interroga-

tion, the burden is rightly on its shoulders." 384 U. S., at 475.

Just last Term, in holding that a waiver of *Miranda* rights need not be explicit but may be inferred from the actions and words of a person interrogated, we firmly reiterated that

"[t]he courts must presume that a defendant did not waive his rights; the prosecution's burden is great. . . ." *North Carolina* v. *Butler,* 441 U. S. 369, 373 (1979).

In this case no evidence at all was introduced to prove that petitioner knowingly and intelligently waived his rights before making the inculpatory statement. The statement was therefore inadmissible.

Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, the judgment is reversed, and the case is remanded to the Supreme Court of Louisiana for further proceedings not inconsistent with this opinion.

*So ordered.*

THE CHIEF JUSTICE would set the case for oral argument.

MR. JUSTICE REHNQUIST dissents. He thinks that, under the circumstances described in the opinion of the Supreme Court of Louisiana, the judgment of that court was fully consistent with *North Carolina* v. *Butler,* 441 U. S. 369 (1979), and not inconsistent with any other decision of this Court.