CALIFORNIA *v.* PRYSOCK

No. A-834 (80-1846).   Decided April 24, 1981

JUSTICE REHNQUIST, Circuit Justice.

Applicant, the State of California (hereafter State), seeks a stay of the judgment of the California Court of Appeal (Fifth Appellate District) in this case after the Supreme Court of California denied the State's petition for hearing on March 17, 1981, with Justices Mosk and Richardson expressing the view that the petition should be granted. Because it appeared to be common ground between the Court of Appeal which ruled against the State, the State, and other courts which have spoken to the question of the applicability of *Miranda* v. *Arizona,* 384 U. S. 436 (1966), that its precision was one of its great virtues, I entered a temporary stay of the order of the Court of Appeal in view of the strict California speedy-trial requirements in order that I might consider in more detail the application, the response, and the decided cases on the issue.

1301

The facts may be briefly stated. The victim was brutally murdered on January 30, 1978. She was struck with a wooden dowel, bludgeoned with a fireplace poker, stabbed with an ice pick, and finally strangled with a telephone cord. On the evening of the murder respondent, a minor, was arrested along with a codefendant. He was brought to a substation of the Tulare County Sheriff's Department and advised of his *Miranda* rights. He declined to talk and, since he was a minor, his parents were notified. Respondent's parents arrived, and after meeting with them respondent decided to answer police questions. An officer questioned respondent, on tape, with respondent's parents present. Respondent was advised of his constitutional rights. The tape reflects the following warnings regarding the right to counsel:

"Sgt. Byrd: You have the right to talk to a lawyer before you are questioned, have him present with you while you are being questioned, and all during the questioning. Do you understand this?

"Randall P.: Yes.

"Sgt. Byrd: You also, being a juvenile, you have the right to have your parents present, which they are. Do you understand this?

"Randall P.: Yes.

"Sgt. Byrd: Even if they weren't here, you'd have this right. Do you understand this?

"Randall P.: Yes.

"Sgt. Byrd: You all, uh, — if, — you have the right to have a lawyer appointed to represent you at no cost to yourself. Do you understand this?

"Randall P.: Yes.

"Sgt. Byrd: Now, having all these legal rights in mind, do you wish to talk to me at this time?

"Randall P.: Yes."

Respondent thereafter made incriminating statements which were admitted at trial. He was convicted of first-degree

murder with two special circumstances of torture and robbery, robbery, burglary, auto theft, destruction of evidence, and escape from a juvenile camp. He was sentenced to life imprisonment.

The Court of Appeal reversed on the ground that respondent was not properly advised of his right to the services of a free attorney before and during interrogation. Although respondent was informed that he had "the right to talk to a lawyer before you are questioned, have him present while you are being questioned, and all during the questioning," and "the right to have a lawyer appointed to represent you at no cost to yourself," the Court of Appeal ruled that these warnings were inadequate because respondent was not informed of his right to have an attorney appointed before further questioning.

The Court of Appeal stated:

> "It is not for this Court to overrule *Miranda,* disparage it, nor extend it. Its meaning is clear. It has stood the test of time. Law enforcement practices have adjusted to its strictures. One of its virtues is its precise requirements which are so easily met." App. A to Application 7.

The Court of Appeal went on to quote from a recent decision of the United States Court of Appeals for the Fifth Circuit sitting en banc in *Harryman* v. *Estelle,* 616 F. 2d 870, 873–874, cert. denied, 449 U. S. 860 (1980), to the following effect:

> " 'The rigidity of the *Miranda* rules and the way in which they are to be applied was conceived of and continues to be recognized as the decision's greatest strength. E. g., *Tague* v. *Louisiana,* [444] U. S. [469] (1980); *Miranda* v. *Arizona,* 384 U. S., at 479 . . . . See also *Fare* v. *Michael C.,* 439 U. S. 1310, 1314 . . . (1978) (REHN-QUIST, J., on application for stay) (calling rigidity of *Miranda* its single "core virtue"). The decision's rigidity has afforded police clear guidance on the acceptable man-

ner of questioning an accused. It has allowed courts to avoid the intractable factual determinations that the former totality of the circumstances approach often entailed. When a law enforcement officer asks a question of an accused and the accused, without the benefit of *Miranda's* safeguards, answers, the totality of the circumstances is irrelevant. The accused's answer is simply inadmissible at trial as part of the prosecution's case in chief.' " App. A to Application 7–8.

In *Harryman* v. *Estelle*, however, the defendant was asked and answered a question before being given any *Miranda* warnings at all. *Fare* v. *Michael C.*, 442 U. S. 707 (1979), considered whether a minor's request to talk with his probation officer should be treated for *Miranda* purposes in the same manner as a request to consult with an attorney, and the Court held that it should not. The case did not consider the content of *Miranda* warnings. Neither did *Tague* v. *Louisiana*, 444 U. S. 469 (1980) (*per curiam*), which reversed a decision upholding a conviction when "no evidence at all was introduced to prove that petitioner knowingly and intelligently waived his rights." *Id.*, at 471. In short, none of the decisions cited for the proposition that the rigidity of *Miranda* is its great virtue support the proposition that the desirable rigidity extends to the precise formulation of the warnings.

The decision of the Court of Appeal in this case may, in the name of advancing *Miranda's* virtue of rigidity and precision, have transformed the *Miranda* warnings into a ritualistic formalism. Respondent was told of his right to have a lawyer present before questioning, and of his right to have a lawyer appointed. The Court of Appeal seems to have held that the warnings were inadequate because of the order in which they were given.

Applying the relevant factors, see *Fare* v. *Michael C.*, 439 U. S. 1310, 1311 (1978) (REHNQUIST, J., in chambers),

I have decided to issue the requested stay. The request for a stay of the judgment of the California Court of Appeal pending the timely filing of a petition for writ of certiorari and final determination of the case by this Court is accordingly granted.