STATE OF CONNECTICUT *v.* DANIEL G. JONES

SPEZIALE, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

Argued May 12—decision released July 6, 1982

*R. William Bohonnon,* with whom was *K. Wynne Bohonnon,* law student intern, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Christine O'Sullivan,* assistant state's attorney, for the appellee (state).

PARSKEY, J.   The defendant was charged with the crime of burglary of a Pathmark store in the Norwalk Mall on May 14, 1978.[1]  In a trial to the jury the defendant was convicted of that offense. In his appeal the defendant claims that certain oral

---

[1] The defendant was also charged with the crimes of larceny and burglary of the Happy Daze store in the Norwalk Mall on March 30 or 31, 1978.  He was acquitted of those charges.

statements were received in evidence in violation of his fifth amendment rights as enunciated in *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and of his sixth amendment right to counsel as formulated in *Massiah* v. *United States*, 377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964). Because the statements were taken prior to the commencement of adversary judicial criminal proceedings we find no merit in the defendant's sixth amendment claim. *State* v. *Ledbetter*, 185 Conn. 607, 609–10, 441 A.2d 595 (1981). We do agree that the defendant's *Miranda* claim is meritorious and therefore reverse.

On May 14, 1978, at about 5:30 in the morning, Lieutenant John Frank, commanding officer of the detective bureau of the Norwalk police department, received a telephone call concerning a burglary at the Pathmark store in the Norwalk Mall. Upon arriving at the scene Frank met the defendant and James Grace, both of whom were security guards at the mall, although only Grace was on scheduled duty at the time. Frank requested both guards to come down to police headquarters so that he could get their accounts of what happened on the record.

At the outset of the interview Frank explained the *Miranda* warnings to the defendant from a card which the defendant subsequently signed. The questioning continued for about two hours at which point it ceased at the defendant's request and he was placed under arrest. In the early afternoon Frank resumed the interrogation upon the conclusion of which Frank obtained written statements from the defendant respecting both burglaries.

At the trial, Frank testified about oral and written statements made by the defendant on the after-

noon of May 14, 1978. During Frank's testimony incident to the presentation of the state's case it was disclosed that Frank was uncertain as to who initiated the afternoon conversation which ultimately resulted in the execution of the written statements. Upon objection by the defendant the trial court excluded the written statements as having been taken in violation of the *Miranda* prophylactic safeguards. See *State* v. *Graham,* 186 Conn. 437, 442, 441 A.2d 857 (1982). After the conclusion of all the evidence the defendant moved that the court strike the testimony concerning any oral statements made by the defendant to Frank during the afternoon interrogation. Frank had testified about these statements during the course of the examination prior to the offer and rejection of the written statements. In connection with his motion the defendant claimed that he had assumed from the court's earlier ruling that both oral and written statements were to be excluded but that to be on the safe side he was making his present motion. The court observed that there was no justification for the defendant's assumption because the only matters pending at the time of the court's earlier ruling were the written statements. The court thereupon denied the motion as untimely.[2]

When a person exercises his right to terminate questioning it is then incumbent upon the state to establish that the request was scrupulously honored. See *Michigan* v. *Mosley,* 423 U.S. 96, 103–104, 96 S. Ct. 321, 46 L. Ed. 2d 313 (1975); *Miranda* v. *Arizona,* supra, 445, 473–74, 479; *State* v. *Derrico,* 181 Conn. 151, 169, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789, 66 L. Ed. 2d 607 (1980);

[2] The court acted pursuant to Practice Book, 1963, §§ 2222, 2235 (now Practice Book, 1978, §§ 811 and 824).

*State* v. *Cobbs,* 164 Conn. 402, 418, 324 A.2d 234, cert. denied, 414 U.S. 861, 94 S. Ct. 77, 38 L. Ed. 2d 112 (1973). Thus, unless the accused initiates further questioning, a resumption of interrogation would require that the state meet its heavy burden of showing that the accused has waived his right to remain silent. *Tague* v. *Louisiana,* 444 U.S. 469, 470–71, 100 S. Ct. 652, 62 L. Ed. 2d 622 (1980); *Miranda* v. *Arizona,* supra, 475; *State* v. *Wilson,* 183 Conn. 280, 283–84, 439 A.2d 330 (1981); *State* v. *Cobbs,* supra, 419. The trial court, in sustaining the defendant's objection to the written statements, necessarily found that the state had not met this burden. If taking the written statements violated the defendant's constitutional rights, any oral statement taken at the same time comes under the same proscription. Cf. *Wong Sun* v. *United States,* 371 U.S. 471, 484, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). Since the trial court had considered and acted on the issue in the defendant's favor during the trial, and the defendant's constitutional right to the exclusion of the oral statement was clear, the court was further obliged to grant the defendant's motion to strike even though the motion was not made simultaneously with the court's earlier ruling.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.