Timothy Brown appeals his Portsmouth Municipal Court conviction for taking a deer with a gun during a prohibited season. Brown asserts that the trial court erred by failing to suppress his oral and written statements taken in violation of his constitutional right against self-incrimination. We disagree, because the record contains competent, credible evidence that: (1) Brown was not in custody prior to receiving his Miranda warnings and thus made voluntary oral statements to the officer; (2) the officer then gave Brown Miranda warnings; and (3) Brown waived his right to silence and voluntarily gave a written statement to the officer.
Accordingly, we affirm the judgment of the trial court.
 I.
In October 1997, the Ohio Division of Wildlife ("ODW") charged Brown with killing a deer with a gun out of the prescribed hunting season, in violation of R.C. 1531.02. Brown moved to suppress statements he made to the ODW's investigator, Douglas Elson, arguing that Elson failed to inform him of his constitutional rights before subjecting him to custodial interrogation.
At the hearing on the motion, Elson testified that in October 1997, he received several complaints that Brown killed a large buck deer with a twenty-two (.22) two-fifty (250) caliber rifle. Hunting deer with a gun is prohibited in October. See Ohio Adm. Code 1501:31-15-11; 1501:31-15-17. Elson went to Brown's sawmill and told him of the complaints. Brown told Elson that he kept the deer at Ronald Jewett's house, and offered to show Elson the carcass. Elson testified that he offered to follow Brown to Jewett's house, but that Brown volunteered to ride with Elson.
Upon arriving at Jewett's home, Elson examined the deer and concluded that the deer died of an illegal gunshot wound rather than by an arrow, which is a legal hunting method in October. Elson testified that Brown volunteered to show him where he killed the deer. They went in Elson's car to the hunting site, about one and one-half miles from Jewett's home and one-half mile from Brown's sawmill. During the ride, Elson told Brown that it was "very important" for Brown to tell the truth about how he killed the deer. Brown stated that he shot the deer with a crossbow pistol. Elson remarked that he did not believe Brown, whereupon Brown admitted to shooting the deer with a rifle. Elson testified that he read Brown his Miranda rights, and that Brown then dictated a written statement, which Elson transcribed because Brown was in a hurry to attend a birthday party. Brown signed the statement before leaving Elson.
Brown and Jewett testified that Elson ordered Brown into the car to take Elson to the kill site. Brown testified that Elson told Brown, in a conversational, professional tone, that he should tell the truth. However, Brown maintained that Elson never read him his Miranda rights. Brown asked Elson whether the state classified that offense as a felony or misdemeanor and about the potential penalties. After Elson answered Brown's questions, Brown told Elson to write up a statement and that he would sign it. Brown testified that he did not read the statement, but felt that unless he signed it, Elson would not let him go. Brown testified that he signed the statement because he wanted to attend his son's birthday party.
The trial court overruled Brown's motion to suppress. In its decision, the trial court found that: (1) Elson gave BrownMiranda warnings; (2) Brown was not in custody prior to receiving Miranda warnings; and (3) Brown waived his right to remain silent and voluntarily gave Elson a written statement. Brown then pled no contest. The trial court found Brown guilty as charged. Brown appeals his conviction, asserting the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SUSTAIN THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE IN THAT THE WRITTEN STATEMENT OBTAINED FROM THE DEFENDANT-APPELLANT SHOULD HAVE BEEN SUPPRESSED BY THE TRIAL COURT AS HAVING BEEN OBTAINED IN VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHTS UNDER THE UNITED STATES CONSTITUTION.
 II.
Brown argues that the trial court erred by failing to suppress the written statement and oral statements he made to Elson as they drove to the site of the deer shooting. Brown argues that Elson subjected him to custodial interrogation at the site without the benefit of Miranda warnings.
Appellate review of a decision on a motion to suppress presents mixed questions of law and fact. State v. McNamara
(Dec. 23, 1997), Athens App. No. 97 CA 16, unreported, citingUnited States v. Martinez (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592. We then independently apply the factual findings to the law regarding suppression of evidence. State v.Anderson (1995), 100 Ohio App.3d 688, 691.
The Fifth Amendment to United States Constitution guarantees that no person shall be compelled to be a witness against himself. To effectuate this and other federal constitutional rights, the United States Supreme Court has held that evidence obtained from a custodial interrogation may not be used against a defendant if he was not adequately apprised of his right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to the presence of retained or appointed counsel during questioning.Miranda v. Arizona (1966), 384 U.S. 436, 444. Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. Thus, Miranda warnings are required when an individual is in custody.
An individual is in custody when there is a formal arrest or an equivalent restraint on the individual's freedom of movement. California v. Beheler (1983), 463 U.S. 1121, 1125. When determining whether an individual was in custody, the relevant inquiry is whether a reasonable person in the individual's position would have believed that he was not free to leave under the totality of the circumstances. Berkemer v.McCarty (1984), 468 U.S. 420, 442; State v. Gumm (1995),73 Ohio St.3d 413, 429. The subjective intent of the law enforcement officer as well as the subjective belief of the defendant has no bearing on the determination of whether a defendant is in custody. Berkemer v. McCarty, supra.
The state has the burden of proving either that a subject's statement was voluntary, and not in response to custodial interrogation, or that the subject voluntarily, knowingly, and intelligently waived his Miranda rights. Colorado v. Connelly
(1986), 479 U.S. 157, 168; Florida v. Royer (1983),460 U.S. 491; Tague v. Louisiana (1980), 444 U.S. 469, 471. To prove that the suspect voluntarily interacted with the police officer, the totality of the circumstances must indicate that a reasonable person in the suspect's position would believe that he could in fact leave. State v. Robinette (1997), 80 Ohio St.3d 234, paragraph three of the syllabus.
Although the record contains conflicting testimony, we find that it contains competent, credible evidence that initially, Brown was not in custody, and therefore voluntarily consented to interact with Elson. As the trier of fact, the trial court is in the best position to judge the credibility of witnesses. Throughout his interaction with Elson, Brown cooperated and volunteered to help Elson with his investigation. He offered to ride with Elson to the farm, then reiterated his desire to show Elson the site where he killed the deer after Elson inspected the deer carcass. Elson spoke to Brown in a conversational, professional tone when he stated that Brown should tell the truth. Brown was within walking distance of Jewett's home and his business, and could have easily left Elson's car. Based upon the totality of the circumstances, we find competent, credible evidence that Brown was not in custody when he stated orally that he shot the deer with a rifle. Therefore, even if we found that Elson did not read Brown his Miranda rights, we would conclude that Elson did not deprive Brown of his constitutional rights regarding this statement.
Elson and Brown presented conflicting testimony regarding whether Elson gave Brown Miranda warnings. However, Elson testified that he drove with Brown to the killing site, urged him to tell the truth, and administered Miranda warnings after Brown stated that he shot the deer with a rifle. Elson's testimony provides competent, credible evidence to support the trial court's decision that Elson gave Brown Miranda warnings prior to Brown giving Elson the written statement.
Finally, we find that the record contains competent, credible evidence that Brown voluntarily and knowingly waived his rights after receiving Miranda warnings. Although Brown maintained that Elson did not read him his Miranda warnings, Brown testified that Elson responded to his questions regarding the severity of the offense and the penalties involved. After hearing the potential consequences, Brown told Elson to write the statement and that he would sign it. Both Elson and Brown testified that Brown was in a hurry to attend his son's birthday party. Therefore, we find competent, credible evidence that Brown voluntarily, knowingly, and intelligently waived hisMiranda rights prior to giving Elson his written statement.
Accordingly, we overrule Brown's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Grey, J., Retired Judge of the Fourth District Court of Appeals sitting by assignment: Concurs in Judgment and Opinion.
For the Court
 BY: ______________________ Roger L. Kline, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.