# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-455

**STATE OF LOUISIANA**

**VERSUS**

**EASTON JOSEPH FRANCISCO**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 08-1306
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Angela B. Odinet**
**Assistant District Attorney**
**307 Church Street**
**St. Martinville, LA  70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Beth S. Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602-3183**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Easton Joseph Francisco**

**IN PROPER PERSON:**
**Easton Joseph Francisco**
**Louisiana State Prison**
**Main prison CBA**
**Angola, LA 70712**

**DECUIR, Judge.**

Defendant, Easton Francisco, was indicted for first degree murder, a violation of La.R.S. 14:30. The State sought the death penalty but was prohibited from pursuing it based on the trial court's finding that Defendant was mildly mentally retarded.

Defendant waived his right to be present at the trial. The jury found Defendant guilty as charged, and the trial court imposed a sentence of life imprisonment to be served without the benefit of probation, parole, or suspension of sentence. On appeal, Defendant assigns two errors.

## FACTS

On May 9, 2008, Defendant along with co-defendant, Akeem Evans, entered Sidney Long's Pawn Shop and shot the victim, Sidney Long, and stole some guns. Mr. Long died of multiple gunshot wounds.

## UNANIMOUS VERDICT

Defendant asserts that the jury verdict should have been unanimous because the State elected the penalty for capital punishment. Defendant requests the record be supplemented with the jury's sealed verdict and argues if the verdict is not unanimous, his conviction should be reversed and the sentence vacated. Review of the sealed verdict which was included in the record indicates the verdict was unanimous. Accordingly, this assignment has no merit.

## CAPACITY TO WAIVE

Defendant asserts that the trial court erred in failing to address the issue of whether or not he lacked the capacity to decide to absent himself from trial. Defendant asserts that his capacity to proceed was called into question by the doctors who conducted an *Atkins* exam on him as well as one of his attorneys and, therefore, should have been ordered by the trial court.

We have reviewed the record and note that a lengthy exchange occurred between Defendant, his attorney, and the trial judge. During this exchange, the trial court explained in both legal and practical terms what Defendant was waiving and the court's view that it was not in Defendant's best interest. Defendant consistently and repeatedly insisted that he did not wish to be present at his trial. Defendant's counsel reiterated the court's explanation and indicated that counsel needed Defendant's input at trial. Again, Defendant consistently and repeatedly insisted that he did not wish to be present.

In addition, defense counsel discussed the mental retardation issue with the court but made no formal objection to the court allowing Defendant to waive his right to be present at trial. Defendant concedes no formal motion to determine Defendant's capacity to waive his right to be present at trial was filed. However, Defendant argues his attorney brought up the issue to the trial court, and the trial court failed to rule on it. Defendant asserts in pertinent part:

> Thus, without any inquiry as to his mental capacity to make a decision not to participate in his own trial, Mr. Francisco, a mentally retarded man with a 94% probability of brain dysfunction, with a poor ability to deal with abstract concepts and with poor insight and judgment, was allowed to make the decision to be absent from his entire first degree murder trial instead of being physically restrained in court. Although the trial court explained the rights Mr. Francisco was giving up by absenting himself from trial (i.e., the right to confront his accusers), it is questionable whether someone with Mr. Francisco's mental capacity could actually understand and weigh the importance of that right against his own fear of being physically restrained in court. Considering Dr. Vossburg's and Dr. Zimmermann's reports and considering defense counsel's stated concern that Mr. Francisco may not have the mental capacity to decide not to participate in his own trial, reasonable grounds existed for the trial court to question Mr. Francisco's capacity to decide to absent himself from trial. Mr. Francisco's participation in his trial was especially important in this case since no physical evidence linked him to the crime and the main witnesses against him benefitted from their testimony against Mr. Francisco. Furthermore, Akeem admitted that the first time he told the "truth" was right before his very own first degree murder trial, at which time he decided to plead guilty to manslaughter in exchange for his testimony against Mr. Francisco. Thus, if Mr. Francisco would

2

have been present, he could have alerted defense counsel as to any misstatements and untruths told by the witnesses against him. For these reasons, the trial court erred in failing to stay the proceedings and resolve the issue of whether or not Mr. Francisco possessed the mental capacity to decide whether or not he should participate in his trial. Since neither one of the doctors who examined Mr. Francisco were specifically asked to determine Mr. Francisco's mental capacity to proceed to trial, undersigned counsel submits that "a meaningful retrospective determination of defendant's capacity cannot be made from the record." *State ex rel. Seals v. Louisiana*, 2000-2738 (La. 10/25/02), 831 So.2d 828, 835. Thus, the conviction should be vacated and the case remanded for a new trial. *Id.*

This issue was arguably not properly preserved for review on appeal since neither a formal motion was filed nor a formal objection was made by Defendant. La.Code Crim.P. art. 841. However, because defense counsel did raise the issue with the trial court, we will review the matter.

Defendant does not challenge the voluntariness or the sufficiency of the waiver. He limits the assignment to whether or not the trial court erred in failing to address Defendant's capacity to waive his right to be present at trial due to his mental retardation.

We found no Louisiana statutes or cases discussing an express waiver of one's right to be present from the time of commencement of trial to the end of the trial. We also found no cases directly on point in federal law. However, the courts have allowed an express waiver of many constitutional rights, i.e., right to a trial by jury, right to remain silent, and right to counsel. Consequently, we find that an express waiver of one's right to be present at trial is permissible.

The next question is whether the trial court erred in failing to address Defendant's capacity, due to his mental retardation, to waive his right to be present at trial. In *State v. Anderson*, 06-2987, pp. 25-26 (La. 9/9/08), 996 So.2d 973, 995, *cert. denied*, ___ U.S. ___, 129 S.Ct. 1906 (2009), the court addressed a similar issue in the context of a waiver of *Miranda* rights and held in pertinent part:

Low intellect, moderate mental retardation or diminished mental capacity does not, per se, vitiate capacity to make a free and voluntary statement or a knowing and intelligent *Miranda* waiver. *State v. Brooks,* 93–3331, pp. 11–17(La.1/17/95), 648 So.2d 366, 373–75; *State v. Benoit,* 440 So.2d 129, 131 (La.1983); *State v. Lindsey,* 404 So.2d 466, 472 (La.1981). Voluntariness is determined on a case by case basis, under a totality of the circumstances standard. *State v. Brooks,* 648 So.3d at 372; *State v. Benoit,* 440 So.2d at 131.

In *State v. Green*, 94-887 (La. 5/22/95), 655 So.2d 272, the supreme court reversed the appellate court's finding that in light of un-contradicted medical testimony establishing defendant's mental retardation and his brain dysfunction, he could not make a knowing and intelligent waiver of his constitutional rights. The court held in pertinent part:

> In cases, such as this one, which involve allegations of diminished mental capacity, "although the defendant bears the burden of proving the existence of any mental abnormality which might render his confession *per se* involuntary, in the absence of such a showing the State retains the ultimate burden of proving beyond a reasonable doubt that the confession was voluntary." *State v. Brooks*, 92-3331, (La. 1/17/95), 648 So.2d 366, 373. *See also State v. Napier*, 385 So.2d 776 (La.1980). In all cases, regardless of the applicable burden of proof, courts look to the "totality of the circumstances" surrounding a confession to determine its voluntariness. *See Withrow v. Williams*, [507] U.S. [680], ___, 113 S.Ct. 1745, 1754, 123 L.Ed.2d 407 (1993), *re'hg denied*, [509] U.S. [933], 113 S.Ct. 3066, 125 L.Ed.2d 748 (1993) (listing factors relevant to voluntariness inquiry); *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973) (*same*).

> The only issue presented to us by the opinion of the court of appeal, however, concerns the defendant's ability to comprehend his *Miranda* rights. We have noted in the past that in cases involving mental retardation the question of a confession's voluntariness often "becomes enmeshed in the related, but distinct, question of the knowing and intelligent nature" of the defendant's *Miranda* waiver. *Brooks*, *supra*, at P. 12, 648 So.2d at 373, *citing State v. Lindsey*, 404 So.2d 466, 472 (La.1981) (*citations omitted*). However, the current posture of this case makes it unnecessary for us to engage in an extensive discussion of the voluntariness issue. Because our review of the record reveals no reason to disturb the lower courts' findings regarding the voluntariness of Green's confession, we affirm the lower courts' judgment that Green's confession was voluntarily made and proceed to our discussion of Green's *Miranda* waiver.

> . . . .

In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), *re'hg denied*, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966), the United States Supreme Court declared that a condition precedent to obtaining a statement admissible in court from a suspect in police custody is that the suspect be informed that he has the right to remain silent and to consult with an attorney. *Miranda* also made it clear that for such a statement to be admissible it must be made with a knowing and intelligent waiver of those rights. *Miranda*, *supra*, at 475, 86 S.Ct. at 1602. In other words, for a statement which is the product of custodial interrogation to be entered into evidence against a criminal defendant, at the time the statement is made the defendant must understand that he is entitled to certain protections under the law and nevertheless decide to speak.

Even when a defendant has not expressly invoked his rights under *Miranda*, "[t]he courts must presume that a defendant did not waive his rights." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979). Furthermore, it is well-settled that a "heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Tague v. Louisiana*, 444 U.S. 469, 470, 100 S.Ct. 652, 653, 62 L.Ed.2d 622 (1980). When, as in this case, a defendant has expressly waived his *Miranda* rights, the question becomes "whether the purported waiver was knowing and intelligent . . . under the totality of the circumstances." [*State v.*] *Abadie*, *supra*, 612 So.2d [1] at 5 [(La. 1993)], *quoting Oregon v. Bradshaw*, 462 U.S. 1039, 1044-46, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983). This "totality of the circumstances" includes "the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused." *Solem v. Stumes*, 465 U.S. 638, 647, 104 S.Ct. 1338, 1344, 79 L.Ed.2d 579 (1984), *quoting Butler, supra*, 441 U.S. at 374-375, 99 S.Ct. at 1757-1759. *See also State v. Wilson*, 467 So.2d 503 (La.1985), *cert. denied*, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); *re'hg denied*, 474 U.S. 1027, 106 S.Ct. 585, 88 L.Ed.2d 567 (1985) (diminished intellectual capacity of defendant only a factor to be considered in determining whether *Miranda* waiver knowing and intelligent).

. . . Our inquiry involves his *understanding* of those rights, and consequently whether or not the defendant's express waiver was a "knowing and intelligent" one. While it may be true that, as defendant argues in brief, "prior history with the criminal judicial system *alone* has never been considered a valid basis for determining the admissibility of a confession," that history is certainly a part of the "totality of the circumstances" which a trial judge may consider in determining a defendant's comprehension of his *Miranda* rights.

. . . .

5

For these reasons, we find that the court of appeal erred in concluding that Melvin Green's waiver of his *Miranda* rights was not a "knowing and intelligent" one. In particular, the court of appeal erred in reversing the trial court's finding when there was ample evidence in the record to support it. The confession was properly admitted during the guilt phase of Melvin Green's trial.

*Id.* at 279-85 (footnotes omitted). *See also, State v. Manning,* 03-1982 (La. 10/19/04), 885 So.2d 1044, *cert. denied*, 544 U.S. 967, 125 S.Ct. 1745 (2005).

Additionally, the United States Supreme Court, in *Godinez v. Moran,* 509 U.S. 389, 113 S.Ct. 2680 (1993), addressed whether the competency standard for pleading guilty or waiving the right to counsel is higher than the competency standard for standing trial. The court held in pertinent part:

A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. *Parke v. Raley,* 506 U.S. 20, 28–29, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992) (guilty plea); *Faretta* [*v. California*]*, supra,* 422 U.S. [806], at 835, 95 S.Ct. [2525], at 2541 [1975] (waiver of counsel). In this sense there *is* a "heightened" standard for pleading guilty and for waiving the right to counsel, but it is not a heightened standard of *competence.*

This two-part inquiry is what we had in mind in *Westbrook* [*v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320 (1966)] when we distinguished between "competence to stand trial" and "competence to waive [the] constitutional right to the assistance of counsel," 384 U.S., at 150, 86 S.Ct., at 1320, we were using "competence to waive" as a shorthand for the "intelligent and competent waiver" requirement of *Johnson v. Zerbst* [304 U.S. 458, 58 S.Ct. 1019 (1938)]. This much is clear from the fact that we quoted that very language from *Zerbst* immediately after noting that the trial court had not determined whether the petitioner was competent to waive his right to counsel. See 384 U.S., at 150, 86 S.Ct., at 1320 (" 'This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused' ") (quoting *Johnson v. Zerbst,* 304 U.S., at 465, 58 S.Ct., at 1023). Thus, *Westbrook* stands only for the unremarkable proposition that when a defendant seeks to waive his right to counsel, a determination that he is competent to stand trial is not enough; the waiver must also be intelligent and voluntary before it can be accepted.

## III

Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel. While psychiatrists and scholars may find it useful to classify the various kinds and degrees of competence, and while States are free to adopt competency standards that are more elaborate than the *Dusky* formulation, the Due Process Clause does not impose these additional requirements. Cf. *Medina v. California,* 505 U.S. 437, 446–453, 112 S.Ct. 2572, 2577-2581, 120 L.Ed.2d 353 (1992). The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Id*. at 400-02 (footnotes omitted).

After reviewing the above case law on similar issues, we find that when mental retardation is an issue, it should be a factor taken into consideration when the trial court is determining if the waiver of the constitutional right, in this case, absence from trial, is knowingly and intelligently entered.

In the present case, the psychologists that examined Defendant characterized his mental retardation as "mild mental retardation range," and his test scores were within the range that "could reflect Mental Retardation." Defendant had notice of the trial date and was represented by counsel at the time he waived his right to be present at trial and throughout the trial. The trial court informed Defendant of the disadvantages of not being present at his trial. When Defendant's attorney pointed out to the trial court that he was not sure how the mental retardation issues would affect Defendant's ability to decide to not participate in trial, the trial court, in simple terms, asked Defendant if he wanted to see what went on at the trial. Additionally, the trial court offered Defendant the opportunity to watch the trial from jail. Defendant repeatedly said he wanted to go back to the jail.

Accordingly, we find no error in the trial court's acceptance of Defendant's waiver of his right to be present at trial.

## DECREE

For the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**